



FILED

JUN 0 8 2020

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) Jennifer Leann McCormick | ) | 20 CV 261 JED-FHM |
| 2) Paul Leroy Wickham | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Case No. |
| 1) Carl Gibson, as an individual | ) | Hon. Supreme Court Justices |
| 2) Doug Sonnenberg, as an individual | ) | As a Third Party Under |
| 3) Burke LaRue, as an individual | ) | The Informant Act 18 USC § 1512 |
| 4) Troy Friddle, as an individual | ) | John Roberts |
| 5) Misty Faust, as an individual | ) | Clarence Thomas |
| 6) Sandy Hadley, as an individual | ) | Ruth Bader Ginsburg |
| 7) James Pfeffer, as an individual | ) | Stephen Bryer |
| 8) April Frauenberger, as an individual | ) | Brett Kavanaugh |
| 9) Nowata County | ) | Samuel Alito, Jr. |
| 10) Jason McClain, as an individual | ) | Sonia Sotomayor |
| 11) Ricky Lyle Ford, as an individual | ) | Elena Kagan |
| 12) Mike Hunter, as an individual | ) | Neil Gorsuch |
|     Defendants. | ) | |

---

Defendants Notice of Removal
Under 28 U.S.C § 1446 (B) in Case No. PB-2019-21 Nowata County

---

Petition And Complaint In The Nature Of A Suit For Deprivation Of Federally Protected Rights Of 42 U.S.C. § 1983, And Under The Authority Of The Informant Act 18 U.S.C. § 1512, As A Third Party, Because Of The Conflict Of The Northern District Of Oklahoma Violating Our Constitutional Rights Of The 1st, 5th, 7th, 11th And 14th Amendments. To Seek Justice Under The Informant Act We Are Asking The Third Party To Preside In These Cases;

20-CV-024-JED-JFJ
19-CV-110-TEK-FHM
18-5112 Tenth Circuit
18-CV-569-JED-FHM
19-CV-027-GKF-FHM
19-CV-119-JDK Tyler Texas
18-CV-449-JED-FHM
6-19-CV-241-JDK-KNM Tyler Texas

---

Action No. 1: The actions and the arrest warrant was brought under failure to appear on March 23,

2020 when the Nowata County Court house was closed.

Action No. 2: All cases noted above is in violation of 18 U.S.C. § 1964 (B).

Action No. 3: The Northern District of Oklahoma and Nowata County are working in concert to cover up crimes in these cases of cattle theft, property stealing and mortgaging without ownership, stating that they were the victims, and having a trial for stolen weapons in which Paul Leroy Wickham was the owner of the weapons in the cases listed above.

Action No. 4: To provide money for their organization of legalized criminals which means Nowata County and the Northern District of Oklahoma, without due process of law, have made Jennifer Leann McCormick and Paul Leroy Wickham the victims and which the Northern District of Oklahoma are providing ways of violating Paul Leroy Wickham and Jennifer Leann McCormick's Constitutional Rights of owning weapons and owning property, without due process.

Action No. 5: Revoking the bond without due process, Misty Faust violated Jennifer Leann McCormick and Paul Leroy Wickham's rights of 42 U.S.C. § 1983.

Remedy Sought

$750,000 dollars per day per participant from the day of filing.

The United States Supreme Court has long recognized that judicial immunity does not protect judicial officers when the relief sought is injunctive and declaratory. *Pulliam v. Allen*, 466 U.S. 522, 1970. HEADS UP – Congress has revised the law "In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. Applying the "clear absence of all jurisdiction" standard to judges of courts of limited jurisdiction (such as federal district courts) comports with the policy expressed in *Bradley* that where a court has **subject matter jurisdiction** over a particular controversy, the judge should be absolutely immune from a damages action stemming from his **decision**. A judge's private, prior agreement to decide in favor of one party is not a judicial act. Although a party conniving with a judge to predetermine the outcome of a judicial proceeding may deal with him in his "judicial capacity," the other party's expectation of judicial impartiality is actively frustrated by the scheme. It is the antithesis of the "principled and fearless decision-making" that judicial immunity exists to protect. *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980) cert. Denied, 451 U.S. 939, 101 S. Ct. 2020, (1981), *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213 (1967), and *Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974). It is clear that a judge who acts in the absense of subject matter jurisdiction may held liable for his judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, (1978), *Bradley v. Fisher*, 80 U.S. 335 (1872). Where an individual official would be expected ot know that certain conduct would violate statutory or constitutional rights he should be made ot hesitate. *Harlow v. Fitzgerald*, 102 S. Ct. at 2739 and *Scott v. Dixon* 720 F.2d 1542 (11th Cir. 1983). Where judge presumes to exercise jurisdiction beyond understood boundaries, judge is not entitled to immunity. *Dykes v. Housemann*, 743 F.2d 1488 (11th Cir. 1984). A judge's private, prior agreement to decide in favor of one party is not a judicial act. *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir. 1980). If a court lacks jurisdiction over a party, then it lacks "all jurisdiction" to adjudicate that party's rights, whether or not the subject matter is properly before it. *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690 (1978). Ex parte proceeding would be a flagrant violation of due process, rendering any order null and void. *In re: Wellman*, 3 Kan.App. 100, 45 P. 726, (1896). When want of jurisdiction is known to the judge, no excuse is permissible. *Turner v. Raynes*, 611 F.2d 92, (5th Cir. 1980). Willful misconduct in office or willful and persistent failure to perform his official duties by a judge of the United States shall constitute conduct inconsistent with the good behavior required by article III of the Constitution and shall be cause for the removal of that judge." When judges act when they do not have jurisdiction

to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below). The Court in *Yates v. Village of Hoffman Estates, Illinois*, 209 F. Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect. *The U.S. Supreme Court, in Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner voilative of the Federal constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). The Illinois Supreme Court has held that "if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers." *Von Kettler et.al. v. Johnson*, 57 Ill. 109 (1870).   Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). The Illinois Supreme Court held that if a court "could not hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority, - it had no authority to make that finding." *The People v. Brewer*, 128 Ill. 472, 483 (1928). The judges listed below had no legal authority (jurisdiction) to hear or rule on certain matters before them. They acted without any jurisdiction. When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason (see below). The Court in *Yates v. Village of Hoffman Estates, Illinois*, 209 F.Supp. 757 (N.D. Ill. 1962) held that "not every action by a judge is in exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse." **When a judge acts as a trespasser of the law, when a judge does not follow the law, *the judge loses subject-matter jurisdiction* and the judge's orders are void, of no legal force or effect.**

1) Carl Gibson
229 North Maple
Nowata, OK. 74048

2) Doug Sonnenberg
229 North Maple
Nowata, OK. 74048

3) Burke LaRue
229 North Maple
Nowata, OK. 74048

4) Troy Friddle
229 North Maple
Nowata, OK. 74048

5) Misty Faust
1208 Lariat Dr.
Bartlesville, OK 74006

6) Sandy Hadley
229 North Maple
Nowata, OK. 74048

7) James Pfeffer
229 North Maple
Nowata, OK. 74048

8) April Frauenberger
229 North Maple
Nowata, OK. 74048

9) Nowata County
229 North Maple
Nowata, OK. 74048

10) Jason McClain
229 North Maple
Nowata, OK. 74048

11) Ricky Lyle Ford
105 NE 1st St
Pryor, OK 74361

12) Mike Hunter
313 NE 21st St
Oklahoma City, OK. 73105

6/8/00

Jennifer Leann McCormick
R1 Box 171
Nowata, OK 74048

6/8/20

Paul Leroy Wickham
R1 Box 171
Nowata, OK 74048

NOWATA COUNTY



# NOTICE DATE TO APPEAR IN COURT

Offender Name: Wickham, Paul

You have been arrested on the charge(s) of Failure to Appear

You posted bond in the amount of 1500.00 on 05-19-20 at 1450 o'clock (am / pm)

You MUST appear back in court on the 23 day of June 20 20 at 9:00 o'clock (am / pm)

Date 05-19-20

Sheriff:   Jason A. McClain

By _____

If you fail to appear in the court on the above set date, any bond posted for your reappearance will be subject to forfeiture, and a bench warrant my be issued for your arrest. Your signature for understanding the above.

Offender Signature: X _Paul Wickham TDC_

Date 5-19-20

A copy of this notice must be provided to the following : (1) Defendant   (2) Court Clerk   (3) District Attorney

COPY OF RECEIPT

**OFFICE OF APRIL FRAUENBERGER**
COURT CLERK OF NOWATA COUNTY
NOWATA, OKLAHOMA
(918) 273-0127

Receipt #
094545

Received on 05-19-2020

Received of PENNY IVIE                    $1500.00

| Case# | Amount |
|-------|--------|
| PB-2019-21 | $1500.00 |

| Payment | Amount |
|---------|--------|
| CASH | $1500.00 |

$1500.00

Total      $1500.00

HANNAH MILLER
DEPUTY

Comments: IN PERSON (BOND)
Cases PB-2019-21 : IN THE MATTER OF LESLIE D. WICKHAM

CONTROL NO.   51621

THE NOWATA COUNTY CASE THAT YOU HAVE INTEREST IN OR ARE A PARTY TO HAS BEEN CONTINUED TO ___23___ DAY OF __June__ 20_20_ at 9am

Wickham   $100,000-

NOWATA COUNTY



# NOTICE DATE TO APPEAR IN COURT

Offender Name: McCormick, Jennifer L

You have been arrested on the charge(s) of Failure to Appear

_____

_____

You posted bond in the amount of 1500.00 on 5-19-20 at 1350 o'clock (am/ pm)

You MUST appear back in court on the 23 day of June 20 20 at 9:00 o'clock (am/ pm)

Date 5-19-20

Sheriff: Jason A. McClain

By _____

If you fail to appear in the court on the above set date, any bond posted for your reappearance will be subject to forfeiture, and a bench warrant my be issued for your arrest. Your signature for understanding the above.

Offender Signature: _____

Date 5/19/20

A copy of this notice must be provided to the following: (1) Defendant (2) Court Clerk (3) District Attorney

COPY OF RECEIPT

**OFFICE OF APRIL FRAUENBERGER**
COURT CLERK OF NOWATA COUNTY
NOWATA, OKLAHOMA
(918) 273-0127

Receipt #
094543

Received on 05-19-2020

Received of PENNY IVIE                          $1500.00

| Case# | Amount |
|-------|--------|
| PB-2019-21 | $1500.00 |

| Payment | Amount |
|---------|--------|
| CASH | $1500.00 |

$1500.00

Total        $1500.00

HANNAH MILLER
DEPUTY

Comments: IN PERSON (BOND)
Cases PB-2019-21 : IN THE MATTER OF LESLIE D. WICKHAM

Jeb

CONTROL NO.   51619

THE NOWATA COUNTY CASE THAT YOU HAVE INTEREST IN OR
ARE A PARTY TO HAS BEEN CONTINUED TO ___23___ DAY
OF ___June___ 20_20_ at 9am
McCormick $100,000-

WARRANT - CIVIL CASE

IN THE DISTRICT COURT IN *Nowata* COUNTY
STATE OF OKLAHOMA

*In the Matter of*
*The Estate of*

*Leslie D. Wickham*

Case No. *PB-19-31*

TO THE SHERIFF OF *Nowata* COUNTY, GREETING:

YOU ARE HEREBY COMMANDED TO BRING FORTH: _____

*Paul Leroy Wickham*
*Rt 1 Box 171 Nowata, Ok, 74048*
to appear before Judge *Carl Gibson* Room *1* of the District Court of
_____ County, to answer for a contempt of said Court for failing to appear
on the ~~23rd~~ ~~November 2019~~ day of ~~December 2019~~ *January*, *2020*, after being duly summoned. Should
said Court not be in session, then he/she should be detained in lieu of
$ *100,000.00* bond for appearance on the next regular Court day for said Judge.

ISSUED THE *27th* DAY OF *January*, *2020*

Prepared and requested by:

_____
Attorney
_____
Address
_____
Phone

_____
Judge

SHERIFF'S RETURN

This warrant received on the *19th* day of *May*, 20 ___.

Description of Party:

Age _____ Complexion _____ Height _____

Weight _____ Hair _____ Eyes _____

_____
SHERIFF

Remarks: _____

_____
Sheriff.

_____
DEPUTY SHERIFF

By _____ Deputy.

Person named was taken before the named Judge on _____ ;
or Person named posted bond and was ordered to report to the named Judge on
_____ ; or Person named was placed in jail on _____

_____ ;                    Warrant returned to

Court on _____ .

_____
SHERIFF

By: _____
DEPUTY SHERIFF

**WARRANT - CIVIL CASE**

IN THE DISTRICT COURT IN *Nowata* COUNTY
STATE OF OKLAHOMA

*In the Matter of*
*the Estate of*

*Leslie D. Wickham*          COPY          Case No. *PB-19-21*

TO THE SHERIFF OF *Nowata* COUNTY, GREETING:

YOU ARE HEREBY COMMANDED TO BRING FORTH: _____

*Jennifer L. McCormick*
*Rt. 1 Box 171 Nowata, Ok 74048*

to appear before Judge *Gilson* _____ Room __/__ of the District Court of _____ County, to answer for a contempt of said Court for failing to appear on the ~~27th~~ day of *January*, *2020*, after being duly summoned.  Should said Court not be in session, then he/she should be detained in lieu of $*100,000.00* bond for appearance on the next regular Court day for said Judge.

ISSUED THE *27th* DAY OF *January*, *2020*

Prepared and requested by:

_____
Attorney
_____
Address
_____
Phone

*[signature]*
Judge

**SHERIFF'S RETURN**

This warrant received on the _____ day of _____, 20____.

Description of Party:

Age _____ Complexion _____ Height _____        _____
                                                            **SHERIFF**
Weight _____ Hair _____ Eyes _____

Remarks: _____

_____ Sheriff.        _____
                                                    **DEPUTY SHERIFF**
By _____ Deputy.

Person named was taken before the named Judge on _____;
or Person named posted bond and was ordered to report to the named Judge on _____; or Person named was placed in jail on _____
_____;                          Warrant returned to
Court on _____.

                                           **SHERIFF**

                        By: _____
                              **DEPUTY SHERIFF**