UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER LEANN MCCORMICK, ) <br> PAUL LEROY WICKHAM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CARL GIBSON et al., ) <br> ) <br> Defendants. ) | Case No. 20-CV-0261-CVE-CDL |

## OPINION AND ORDER

Before the Court are plaintiffs Jennifer McCormick and Paul Wickham's notice of removal (Dkt. # 1) and six motions to dismiss on behalf of twelve defendants (Dkt. ## 5, 6, 8, 10, 12, 15). For the reasons contained herein, all the motions to dismiss are granted and plaintiffs' complaint is dismissed.

### I.

Plaintiffs Jennifer Leann McCormick and Paul Leroy Wickham, proceeding pro se, filed their notice of removal on June 8, 2020. Plaintiffs are attempting to remove the state probate action of Leslie Dean Wickham, who was plaintiff Wickham's father and plaintiff McCormick's grandfather. See The Estate of Leslie Dean Wickham, Deceased, Case No. PB-2019-21, Nowata County, Oklahoma, filed Oct. 9, 2019. While the document plaintiffs filed is titled "notice of removal," it is presented in the form of a complaint. Plaintiffs style themselves as the plaintiffs in the case and name twelve other people—who are not parties in the probate action—as defendants. Plaintiffs also make certain allegations in the form of a complaint and titled their document a "Petition And Complaint In The Nature Of A Suit For Deprivations Of Federally

Protected Rights Of 42 U.S.C. § 1983."[1] Dkt. # 1, at 1. Thus, the Court will treat plaintiffs' filing as a complaint initiating a new case in federal court.

On June 8, 2020, plaintiffs filed their complaint against Carl Gibson, Burke LaRue, Doug Sonnenberg, Troy Friddle, Misty Faust, Sandy Hadley, James Pfeffer, April Frauenberger, Nowata County, Jason McClain, Ricky Lyle Ford, and Mike Hunter. Plaintiffs have accounted for at least nine separate cases in this district, which this Court discussed at length in Wickham v. Barr, 20-CV-024-CVE-JFJ, Dkt. # 29, at 15-22 (N.D. Okla. Dec. 6, 2021). In short, plaintiffs have a history of filing vexatious lawsuits that allege incoherent and conspiratorial facts against their "family, Nowata County officials and law enforcement officers, state and federal government officials, and the private attorneys who represent them." Id. at 21. This case is in that same mold.

In their complaint, plaintiffs allege as follows:

Action No. 1: The actions and the arrest warrant was brought under failure to appear on March 23, 2020 when the Nowata County Court house was closed.

Action No. 2: All cases noted above is in violation of 18 U.S.C. § 1964(B).

Action No. 3: The Northern District of Oklahoma and Nowata County are working in concert to cover up crimes in these cases of cattle theft, property stealing and mortgaging without ownership, stating that they were the victims, and having a trial for stolen weapons in which Paul Leroy Wickham was the owner of the weapons in the cases listed above.

Action No. 4: To provide money for their organization of legalized criminals which means Nowata County and the Northern District of Oklahoma, without due process of law, have made Jennifer Leann McCormick and Paul Leroy Wickham the victims and which the Northern District of Oklahoma are providing ways of violating Paul Leroy Wickham and Jennifer Leann McCormick's Constitutional Rights of owning weapons and owning property, without due process.

Action No. 5: Revoking the bond without due process, Misty Faust violated Jennifer Leann McCormick and Paul Leroy Wickham's rights of 42 U.S.C. § 1983.

---

[1] Plaintiffs' allegations are set forth herein as they appear in their filings.

Dkt. # 1, at 1-2. For these alleged wrongs, plaintiffs seek "$750,000 per day per participant from the day of filing." Id. at 2.

Finally, plaintiffs list eight other cases in which they are involved, including an appeal to the Tenth Circuit and two cases in the Eastern District of Texas, and request that a third party preside in those cases, pursuant to 18 U.S.C. § 1512, "Because Of The Conflict Of The Northern District Of Oklahoma Violating [their] Constitutional Rights Of The 1st, 5th, 7th, 11th, and 14th Amendments." Id. at 1. In their caption, plaintiffs list the Justices of the Supreme Court of the United States, which is presumably a request for the Supreme Court to assume original jurisdiction in every case they have brought in federal court.

II.

All defendants filed motions to dismiss. Dkts. ## 5, 6, 8, 10, 12, 15.[2] Plaintiffs did not file any responses. Defendants filed their motions pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim. As the Court will describe below, the claims against every defendant should be dismissed either for lack of subject matter jurisdiction or for failure to state a claim. Thus, the Court will not address defendants' dismissal requests for lack of personal jurisdiction or insufficient service of process.

**A. Legal Standards**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim upon which relief may be granted." Brokers' Choice of Am.,

---

[2] Defendant Ricky Ford's filing is docketed as an "Answer," but the actual document he filed is a note in which he denies liability for the claims presented in the complaint and asks the Court to hold him harmless for his actions. Thus, the Court will construe defendant Ford's filing as a motion to dismiss.

3

Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 550. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 680.

On a Rule 12(b)(1) motion, the party invoking the court's jurisdiction bears the burden of establishing that jurisdiction exists. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction. Id. at 919.

In applying these standards, the Court is mindful that plaintiffs proceed pro se. While pro se pleadings must be liberally construed and held to less stringent standards than pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and

4

conclusory arguments" into valid claims for relief. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## B. Action No. 1

Plaintiffs organize their complaint through a series of numbered "actions," none of which seems to be related to another. The Court will evaluate each "action" to determine whether plaintiffs have stated a claim. Starting with "Action No. 1," plaintiffs allege that "[t]he actions and the arrest warrant was brought under failure to appear on March 23, 2020 when the Nowata County Court house was closed." Dkt. # 1, at 1. Although it is not entirely clear, it appears as though plaintiffs are complaining about arrest warrants issued against them. However, the complaint does not state whether either plaintiff was actually arrested, who was involved, or any facts surrounding the alleged wrongful event. Without details of such significant facts, the Court is left to speculate as to the basis of plaintiffs' claim in "Action No. 1." Thus, plaintiffs failed to state any claim for relief in the paragraph of their complaint titled "Action No. 1."

## C. Action No. 2

In the paragraph labeled "Action No. 2," plaintiffs state that "[a]ll cases noted above is in violation of 18 U.S.C. § 1964(B)." Dkt. # 1, at 2. The statute cited by plaintiffs is the civil remedies section of the Racketeer Influence and Corrupt Organizations Act (RICO). Thus, plaintiffs are ostensibly alleging that every federal court that has heard one of its cases has violated RICO.

"To survive a Rule 12(b)(6) motion to dismiss a civil RICO claim, plaintiffs must allege that the relevant defendants (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Tal v. Hogan, 453 F.3d 1244, 1269 (10th Cir.2006) (citing Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989)).

Plaintiffs have not alleged any of these elements and present no facts that would allow this Court to evaluate whether any person or entity has violated RICO. Thus, plaintiffs failed to state any claim for relief in the paragraph of their complaint title "Action No. 2."

**D. Action No. 3**

In the paragraph labeled "Action No. 3," plaintiffs state that

> The Northern District of Oklahoma and Nowata County are working in concert to cover up crimes in these cases of cattle theft, property stealing and mortgaging without ownership, stating that they were the victims, and having a trial for stolen weapons in which Paul Leroy Wickham was the owner of the weapons in the cases listed above.

Dkt. # 1, at 2.

This allegation is stated in a vacuum. Fortunately for the Court, however, this is not its first case involving these plaintiffs and these allegations. In McCormick v. Barr, 20-CV-024-CVE-JFJ (N.D. Okla. filed Jan. 21, 2020), plaintiffs alleged that Leslie Wickham gifted plaintiff Wickham certain livestock and farm equipment in 2014, which plaintiff Wickham subsequently gifted to plaintiff McCormick in 2018. McCormick v. Barr, 20-CV-024, Dkt. # 29, at 2-5., filed Dec. 6, 2021. The probate court disagreed with plaintiffs, however, and determined that Leslie's cattle and farm equipment belonged to the estate. Id. Accordingly, this Court in McCormick v. Barr determined that "the livestock stealing event is merely a property dispute already being heard in a state court probate action, which this Court lacks jurisdiction to consider. Id. at 9 (citing Marshall v. Marshall, 547 U.S. 293, 312 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.")).

Thus, as the Court held in McCormick v. Barr, the Court lacks subject matter jurisdiction to hear plaintiffs' allegations regarding "cattle theft, property stealing, and mortgaging without

6

ownership," made in the paragraph of plaintiffs' complaint titled "Action No. 3." Dkt. # 1, at 2. Moreover, plaintiffs' allegation that Nowata County and the Northern District of Oklahoma "are working in concert to cover up crimes"—as well as plaintiffs' allegation mentioning "stolen weapons"—consist of conclusory statements and conspiratorial allegations that are not plausible on their face. Dkt. # 1, at 2. Thus, plaintiffs' claims in the "Action No. 3" paragraph of the complaint are dismissed.

E. Action No. 4

In the paragraph labeled "Action No. 4," plaintiffs state the following:

> To provide money for their organization of legalized criminals which means Nowata County and the Northern District of Oklahoma, without due process of law, have made Jennifer Leann McCormick and Paul Leroy Wickham the victims and which the Northern District of Oklahoma are providing ways of violating Paul Leroy Wickham and Jennifer Leann McCormick's Constitutional Rights of owning weapons and owning property, without due process.

Dkt. # 1, at 2. These allegations appear to be an extension of plaintiffs' RICO allegations in the "Action No. 2" paragraph, and the property theft allegations in the "Action No. 3" paragraph. Thus, to the extent plaintiffs are alleging a right to probate property from a case already pending in state court, the Court lacks subject matter jurisdiction to hear their claim; to the extent they are alleging some other claim, their allegations consist of conclusory statements and conspiratorial allegations that are not plausible on their face.

F. Action No. 5

In the paragraph labeled "Action No. 5," plaintiffs allege that "[r]evoking the bond without due process, Misty Faust violated Jennifer Leann McCormick and Paul Leroy Wickham's rights of 42 U.S.C. § 1983." Dkt. # 1, at 2. This is the only allegation made by plaintiffs that mentions a named defendant. Like the rest of plaintiffs' allegations, plaintiffs'

"Action No. 5" paragraph is incoherent. The Court assumes that defendant Faust was plaintiffs' bail-bond agent at some point during the events giving rise to plaintiffs' complaint.

It is also not clear what plaintiffs mean when they state that defendant Faust revoked their bond. Regardless, plaintiffs allege that defendant Faust violated § 1983 but never allege that she acted under color of state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiffs failed to do so here. Instead, they attempt to bring a constitutional claim against a private individual. To be sure, courts can find state action in cases involving private actors if that private actor was "a willful participant in joint activity with the State or its agents." Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). However, plaintiffs do not allege any joint activity between defendant Faust and the state. Thus, plaintiffs failed to state any claim for relief in the paragraph titled "Action No. 5."

## G. Third-Party Intervention

Plaintiffs allege that the Northern District of Oklahoma has a conflict in cases involving them because the Northern District has violated plaintiffs' constitutional rights. For this reason, plaintiffs presumably request the Supreme Court to assume jurisdiction over eight of their cases, including one appeal to the Tenth Circuit and two cases in the Eastern District of Texas, pursuant to 18 U.S.C. § 1512. Dkt. # 1, at 1. However, § 1512 is a federal criminal statute prohibiting certain actions taken with the intent to prevent, hinder, delay, or influence a witness from giving testimony or submitting documents or evidence in an official proceeding or to alter, destroy, or conceal such documents or evidence. The statute provides no process for the Supreme Court's

intervention or assumption of jurisdiction in any pending or closed U.S. District Court or Court of Appeals cases. Moreover, plaintiffs do not provide any basis for their statement that the Northern District has a conflict in this case. Accordingly, the Court will disregard plaintiffs' invocation of § 1512.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss (Dkt. ## 5, 6, 8, 10, 12, 15) are **granted**. Plaintiffs Jennifer Leann McCormick and Paul Leroy Wickham's complaint is **dismissed without prejudice**.

**DATED** this 13th day of December, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE